08-FI-129 MSL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 08CV 2037

-----------------------------------------------------------------X

BYONG K. CHO,

Plaintiff,

**VERIFIED ANSWER**

-against-

JASON ARTHUR BRINKMAN and VALERIO RAQUEL ANTONETTE,

**THE DEFENDANTS DEMAND A JURY**

Defendants.

-----------------------------------------------------------------X

Defendants, JASON ARTHUR BRINKMAN and RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE, by their attorneys, McCABE, COLLINS, McGEOUGH & FOWLER, LLP, answering the Verified Complaint herein, state upon information and belief:

FIRST: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendants deny the allegations set forth in paragraph marked "2", except admit that at all times herein mentioned, defendant RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE was, and still is, a resident of the State of Virginia.

THIRD: Defendants deny the allegations set forth in paragraph marked "3", except admit that at all times herein mentioned, defendant, JASON ARTHUR BRINKMAN was, and still is, a resident of the State of Virginia.

FOURTH: Defendants deny the allegations set forth in paragraph marked "4", except admit that at all times herein mentioned, defendant, RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE was the owner of a 2000 HONDA motor vehicle bearing a Virginia State registration.

FIFTH:  Defendants deny the allegations set forth in paragraph marked "5", except admit that at all times herein mentioned, defendant, JASON ARTHUR BRINKMAN, operated the motor vehicle bearing the Virginia State registration.

SIXTH:  Defendants deny the allegations set forth in paragraph marked "6", except admit that at all times herein mentioned, defendant, JASON ARTHUR BRINKMAN, operated the motor vehicle with the permission of defendant, RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE.

SEVENTH:  Defendants deny the allegations set forth in paragraph marked "7", except admit that at all times herein mentioned, defendant, JASON ARTHUR BRINKMAN, operated the motor vehicle with the knowledge of the defendant, RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE.

EIGHTH:  Defendants deny the allegations set forth in paragraph marked "8", except admit that at all times herein mentioned, defendant, JASON ARTHUR BRINKMAN, operated the motor vehicle with the consent of the defendant, RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE.

NINTH:  Defendants deny the allegations set forth in paragraphs marked "9", "10", "11", "12", "13" and "14", and respectfully refer all questions of law to the trial Court.

TENTH:  Defendants deny the allegations set forth in paragraph marked "15", and each and every part thereof.

ELEVENTH:  Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "16" and "17", and each and every part thereof.

TWELFTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "18", except admits that on September 27, 2007, defendant JASON ARTHUR BRINKMAN was operating the vehicle owned by RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE.

THIRTEENTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "19", and each and every part thereof.

FOURTEENTH: Defendants deny the allegations set forth in paragraph marked "20", and respectfully refer all questions of law to the trial Court.

FIFTEENTH: Defendants deny the allegations set forth in paragraphs marked "21", "22", "23", "24", "25" and "26", and each and every part thereof.

SIXTEENTH: Defendants deny the allegations set forth in paragraphs marked "27" and "28", and respectfully refer all questions of law to the trial Court.

SEVENTEENTH: Defendants deny the allegations set forth in paragraph marked "29", and each and every part thereof.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

EIGHTEENTH: The plaintiff did not sustain serious injuries as defined by Section 5102 of the Insurance Law of the State of New York and plaintiff's exclusive remedy, therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

NINETEENTH: The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

TWENTIETH: The plaintiff's causes of action are barred by Article 51, Section 5104, of the Insurance Law of the State of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

TWENTY-FIRST: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

TWENTY-SECOND: In the event that plaintiff recovers judgment against these answering defendants and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendants' liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

TWENTY-THIRD: If plaintiff sustained injuries at the time and place as alleged in the Complaint, then upon information and belief, said injuries, if any, were caused and/or exacerbated by plaintiff's failure to comply with Vehicle & Traffic Law Section 1229-C and defendant will seek exemption from and/or mitigation of damages at the time of trial.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

TWENTY-FOURTH: This Court lacks jurisdiction of the persons of the defendants due to failure to properly serve them.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

TWENTY-FIFTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

TWENTY-SIXTH: Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

WHEREFORE, defendants, JASON ARTHUR BRINKMAN and RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE, request judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Carle Place, New York
February 28, 2008

Yours, etc.

McCABE, COLLINS, McGEOUGH & FOWLER, LLP

By: ______________________

DORON ROSENHECK (DR7328)
Attorneys for Defendants
346 Westbury Avenue - P.O. Box 9000
Carle Place, New York 11514-9000
(516) 741-6266

To:

SIM & PARK, LLP.
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1805
New York, New York 10123
(212) 239-3680

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF NASSAU      )

DORON ROSENHECK, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendants in the within action; that affirmant has read the foregoing VERIFIED ANSWER and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to these matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendants is that the defendants do not reside in the County in which the affirmant maintains an office.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and/or conferences had with the defendants.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Carle Place, New York
       February 28, 2008

                                    DORON ROSENHECK (DR7328)

08-FI-129 MSL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X Index No.

BYONG K. CHO,

Plaintiff,

-against-

JASON ARTHUR BRINKMAN and VALERIO RAQUEL ANTONETTE,

Defendants.

----------------------------------------------------------------X

**FIRST SET OF INTERROGATORIES TO THE PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants, **JASON ARTHUR BRINKMAN and RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE**, request the plaintiff, **BYONG K. CHO,** to answer the following interrogatories separately and under oath, within thirty (30) days after the service of these interrogatories, pursuant to FRCP 26 et seq.

Each interrogatory is addressed to the personal knowledge of not only the plaintiff, but knowledge and information of plaintiff's representatives.

These interrogatories are continuing in nature and require plaintiff to file supplementary answers if further, or different information, is obtained before trial

**INTERROGATORY NO. 1**

State the full name, date of birth, social security number and residence of plaintiff now and at the time of the occurrence.

**INTERROGATORY NO. 2**

State each and every personal bodily, mental, emotional and psychological injury alleged to have been sustained by plaintiff, including the nature, location, extent of duration and the effects of same.

**INTERROGATORY NO. 3**

State whether plaintiff was hospitalized or treated by a doctor, chiropractor or other health care professional as a result of the injuries alleged to have been sustained in the accident which is the subject of this lawsuit.

**INTERROGATORY NO. 4**

If the previous answer is yes, state the name and address of each hospital, physician, chiropractor and/or health care professional who provided treatment to the plaintiff together with the dates of any such treatment.

**INTERROGATORY NO. 5**

Separately state each hospital expense, physician's bill or chiropractor's bill regarding each such treatment as well as any sum spent by plaintiff or cost incurred by plaintiff attributable to the accident.

**INTERROGATORY NO. 6**

If any of the injuries are alleged to be permanent in nature, separately state each and every such injury.

**INTERROGATORY NO. 7**

As a result of the accident or occurrence which gives rise to this lawsuit, does plaintiff claim to have lost any time from work or school or any present or future lost wages or earnings?

**INTERROGATORY NO. 8**

If the previous answer is yes, for each school or employment of the plaintiff state the name and address or each employer or school (if self-employed, so state), the nature of the duties performed and the title of the position held, the date on which the employment or attendance started and terminated, if applicable as well as the amount of time lost from any employment or school, if any, stating each date lost.

**INTERROGATORY NO. 9**

Was the plaintiff disabled? If so, separately state the time of total disability and partial disability.

**INTERROGATORY NO. 10**

State the average weekly salary or business income for 2 years prior to the date of the accident.

**INTERROGATORY NO. 11**

Set forth a general statement of the acts of omissions constituting the negligence claimed for each defendant separately.

**INTERROGATORY NO. 12**

State the date and approximate time of day of the occurrence.

**INTERROGATORY NO. 13**

State the place of occurrence giving in full detail the exact location of the scene of the accident with reference to fixed boundaries, and markers so as to permit the defense to identify the location.

**INTERROGATORY NO. 14**

State whether there were any traffic control devices, signs or police officers at or near the place of the collision. If there were, described them (ie.,traffic lights, stop sign, police officers, etc.) And state the exact location of each.

**INTERROGATORY NO. 15**

If you contend that there was a malfunction of a motor vehicle or equipment, state: (a) make, model and year of the motor vehicle and whether or not that vehicle was equipped with power brakes and steering; (b) the nature of the malfunction; (c) the date the motor vehicle was purchased; (d) the date that the portion of the motor vehicle in which the malfunction occurred was last

inspected and the name and address of the person inspecting same; (e) the last date prior to the accident that the portion of the motor vehicle was repaired or replaced, the nature and extent of the repairs, the name and address of the person repairing or replacing same; (f) if the motor vehicle was repaired after the accident, state the name and address of the person repairing same and the nature of the repairs; and (g) attach a copy of any repair bills.

**INTERROGATORY NO. 16**

If the collision occurred at an uncontrolled intersection, state:

(a) which vehicle entered the intersection first; (b) whether your vehicle came to a full stop before entering the intersection; and (c) if your vehicle did not come to a full stop before entering the intersection, state the speed of your vehicle when it entered the intersection.

**INTERROGATORY NO. 17**

Was the plaintiff confined to the hospital, bed or to home for any period? If so, separately state each time period including dates of confinement.

**INTERROGATORY NO. 18**

State the names and addresses of all persons occupying your vehicle.

**INTERROGATORY NO. 19**

Set forth the names and addresses of any and all witnesses to this occurrence.

**INTERROGATORY NO. 20**

State what article, section, division and subdivision of statutes, ordinances, rules and regulations are alleged to have been violated by defendants.

**INTERROGATORY NO. 21**

State what part of your vehicle came into contact with what part of the other vehicle or vehicles involved.

**INTERROGATORY NO. 22**

State in what respect the plaintiff(s) have sustained a serious injury as defined in Section 5102(d) of the Insurance Law, or economic loss defined in Section 5102(a) of the Insurance Law.

**INTERROGATORY NO. 23**

Designate by article, section, division and subdivision, the statutes, ordinances, rules and regulations alleged to have been violated by defendants.

**INTERROGATORY NO. 24**

A statement of the amount to which the plaintiff claims to be entitled.

Dated: Carle Place, New York
February 28, 2008

Yours, etc.

McCABE, COLLINS, McGEOUGH & FOWLER, LLP

By: ______________________________
DORON ROSENHECK (DR7328)
Attorneys for Defendants
346 Westbury Avenue - P.O. Box 9000
Carle Place, New York 11514-9000
(516) 741-6266

To:

SIM & PARK, LLP.
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1805
New York, New York 10123
(212) 239-3680

08-FI-129 MSL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
BYONG K. CHO,

Plaintiff,

-against-

JASON ARTHUR BRINKMAN and VALERIO RAQUEL ANTONETTE,

Defendants.
--------------------------------------------------------------X

Index No.

**DEMAND FOR PRODUCTION**

**PLEASE TAKE NOTICE** that pursuant o the Federal Rules of Civil Procedure and the appropriate Rules of the Court, and case law interpreting discovery and inspection, the undersigned hereby serves upon you the following demands returnable at the offices of McCABE, COLLINS, McGEOUGH & FOWLER, 346 Westbury Avenue, P.O. Box 9000, Carle Place, New York 11514.

1. **DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES:**

**PLEASE TAKE NOTICE** that demand is hereby made upon you to furnish the undersigned with a verified statement concerning the names and addresses of any and all persons known to your client, or to you, as attorney for your client, claimed to have either been an actual witness to or to have firsthand knowledge with respect to the following:

1) the occurrence alleged in the complaint and/or the occurrence which is the subject matter of the instant litigation; or
2) any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint or caused the occurrence which is the subject matter of the instant litigation; or
3) any actual notice allegedly given to the defendant answering herein of any condition which allegedly caused the occurrence alleged in the complaint or the occurrence which is the subject matter of the instant litigation; or
4) the nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint or the occurrence which is the subject matter of the instant litigation; or

5) conversations, communications or writings with respect to the circumstances or events referred to in the complaint or in any affirmative defense asserted by any party herein; or

6) items of special or general damages asserted by plaintiff in the within action or with respect to any set off or counterclaim by a defendant or third-party defendant.

7) names and addresses of witnesses who possess vital information which bears on liability issues. *Hughes v. Elias, A.D.2d 703, 502 N.Y.S.2d 772 (2d Dept. 1986).*

This demand is made upon you pursuant to the authority of FRCP Rules 26(a)1 and 3.

In the event that no such names or addresses are currently known, then a verified statement to this effect shall be provided within the above-stated time.

Please be further advised that this demand is a continuing one and that should such information become known in the future, then said names and/or addresses should be furnished within a reasonable time after acquiring same.

Please be further advised that any attempt to introduce testimony at the time of trial of any witnesses not disclosed will be objected to or in the alternative, the undersigned will move this court for an order compelling production of said names and/or addresses.

2. **DEMAND FOR DISCOVERY & INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned hereby demands that you produce, pursuant to FRCP Rules 26(b)(3), full, true, legible and complete copies of any and all statements made by or taken from any of the parties represented by the undersigned, their servants, agents and/or employees, whether written, oral or recorded (including, full, true, legible and complete copies of transcripts of same) in your possession, custody or control or presently in the possession or under the control of a party you represent, or your agent, servant, employee and/or principal.

3. **DEMAND FOR ACCIDENT REPORTS**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands that you produce, pursuant to FRCP Rule 34, full, true, legible and complete copies of any report concerning the accident or occurrence which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity. This demand includes all accident reports, whether or not prepared exclusively in preparation for litigation. *Pataki v. Kiseda, 80 A.D.2d 100, 437 N.Y.S.2d 694 (1981).*

4. **DEMAND FOR PHOTOGRAPHS**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to FRCP Rule 34, that you produce and provide copies of any and all photographs, slides, videotapes or motion pictures in plaintiff's custody or control depicting:

a) the scene of the accident or occurrence;

b) the motor vehicle involved (if an auto accident);

c) the defective condition involved;

d) the injuries to the plaintiff;

e) property damage;

f) any defect, condition or substance alleged in the complaint.

**PLEASE TAKE FURTHER NOTICE** that your failure to comply with this notice will result in an appropriate application to the court.

**PLEASE TAKE FURTHER NOTICE** that in the event photographs of the scene of the accident or occurrence are attempted to be introduced at the time of trial without compliance with this notice, there will be objections to the introduction of same. If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in sworn reply to this demand.

5.     **DEMAND FOR NAMES & ADDRESSES OF PARTIES & ATTORNEYS**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to FRCP

Rule 34, that you provide a list of those attorneys who have appeared in this action together with

their addresses and the name and address of the party for whom such attorneys have appeared.

6.     **DEMAND FOR EXPERT WITNESS DISCLOSURE**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to FRCP

Rules 26(a) 1 and 2, that you set forth the following:

1)     State whether there is any person you expect to call as an expert witness at the time of trial in this action.

2)     If the answer to the preceding is in the affirmative, please state in detail as to each and every such expert person:

    1)     His identity.
    2)     His address.
    3)     His field of expertise.
    4)     Any sub-specialties of the witness within his field of expertise.
    5)     In reasonable detail, the subject matter on which each and every expert is expected to testify.
    6)     In reasonable detail, the substance of the facts and opinions to which each and every expert is expected to testify.
    7)     In reasonable detail, the qualifications of each and every expert witness.
    8)     In reasonable detail, a summary of the grounds for each and every expert's opinion.
    9)     Names, dates and publishers of any treatises, books, articles, or essays or other writings published or unpublished by the expert relating in any way to the subject matter on which said expert is expected to testify.  For each published article and essay, state the title of the book, journal or other work in which it can be found and the name and address of the publisher and date of publication.

c)     State whether any expert, including but not limited to the person or persons identified in the preceding demands, at any time made an examination, analysis, inspection or test of:

    1)     The premises of the area involved in the occurrence.
    2)     Any other item of real evidence which may be relevant to determining the cause of the occurrence of the damages alleged in the Complaint.

d)   If the answer to any of the preceding demands is in the affirmative, for each such person state:

(a)   The determination, if any, as to whether or not the product or item inspected was manufactured and/or installed consistent with specifications.

e)   Has the object, product or item identified in the preceding demands been destroyed or altered in the course of the examination, analysis, inspection or test performed upon it?

f)   Did anyone assist the persons identified in the preceding demands in the performance of the examination, inspection and analysis of tests?

g)   If the answer to any of the preceding demands is in the affirmative:

(a)   Identify each person who gave such assistance.
(b)   Describe the type and amount of assistance given.
(c)   State the dates on which such assistance was given.

h)   Did any of the persons identified in any of the preceding demands submit any reports based upon the test examinations conducted?

i)   If the answer to any of the preceding demands is in the affirmative, state:

1)   A description of each report that was made.
2)   The date that each report was made.
3)   Identify the person to whom each report was submitted.
4)   Identify the persons who have present custody of each report.

j)   Attach a copy of any reports identified in response to any of the preceding demands.

7.   **DEMAND FOR MEDICALS**:

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP Rule 34 demand is hereby

made upon the plaintiff(s) or his/her attorneys to provide:

a)   the names and addresses of all physicians, osteopaths, chiropractors, physical therapists and other licensed medical professionals and other health care providers of every description who have consulted, examined or treated the plaintiff for each of the conditions, physical or mental, allegedly caused by, or exacerbated by the occurrence described in the complaint, including the date of such treatment or examination.

b)  duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff(s) herein is or was treated or confined due to the occurrence set forth in the complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays and technicians' reports.

c)  duly executed and acknowledged written, HIPPA Complaint Authorizations to allow defendant(s) to obtain the complete office medical records relating to the plaintiff of each health care provider identified in (a) above.

d)  copies of all medical reports received from health care providers identified in (a) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered.

e)  duly executed and acknowledged written authorizations specifying prescription number(s) which will allow defendant(s) to obtain the complete records of all drugs prescribed for plaintiff for one (1) year prior to the occurrence described in the complaint to the present date.

f)  duly executed and acknowledged written authorizations specifying prescription number(s) which will allow defendant(s) to obtain the complete records of all drugs prescribed for plaintiff for injuries allegedly sustained in the occurrence complained of in the complaint.

g)  duly executed and acknowledged written authorizations with respect to any osteopaths, chiropractors and/or other licensed medical professionals who have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the complaint involving disease, disability or injury (or, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have been aggravated or exacerbated, or to have caused any increase in the sequella of those injuries or conditions allegedly resulting from the events complained of in the within action.

h)  duly executed authorizations with respect to any hospitals, clinics or other similar health care providers which have rendered treatment to plaintiff(s) with respect to any condition pre-existing or preceding the events complained of in the complaint involving disease, disability or injury (of, if applicable, prior psychiatric or psychological disorders) which in any way is alleged to have cause any increase in the sequella of those injuries or conditions allegedly resulting from the events complained of in the within action.

**PLEASE TAKE FURTHER NOTICE** that with respect to items (a), (b), (c), (d), (e), (f), (g) and (h), the authorizations to be provided shall state the approximate period or periods that such services were rendered, as well as the complete name and address of the provider.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with this demand, an appropriate motion will be made seeking an order compelling the production of the aforesaid and

in addition, a motion will be made to preclude plaintiff(s) upon the trial of the within action from offering evidence or testifying as to any of the conditions which are referred to in said reports, records or examinations demanded herein.

8. **DEMAND FOR COLLATERAL SOURCES**:

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP Rules 26(a)(1) and 34, the undersigned hereby demands that you produce:

> A verified statement setting forth the amounts claimed by the plaintiff(s) for the cost of: a) medical care; b) dental care; c) custodial care; d) rehabilitation services; e) loss of earnings; and f) any other economic loss.

**FURTHER**, it is demanded that the plaintiff(s) list and identify in a verified statement and provide duly executed and acknowledged authorizations directed to each and every collateral source including, but not limited to, insurance, no-fault, social security, disability, Workers' Compensation or employee benefit programs setting forth the names, addresses and policy numbers of the providers of such collateral sources as well as the amounts paid and the dates paid.

**PLEASE TAKE FURTHER NOTICE** that submission to the undersigned of duly executed authorizations and true and conformed certified copies of the items demanded herein at any time prior to the date set forth for such discovery and inspection will be deemed compliance with this demand provided it is accompanied by a verified statement as to the accuracy thereof.

**PLEASE TAKE FURTHER NOTICE** that if this notice is not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

9. **DEMAND FOR DISCOVERY OF INSURANCE POLICIES**:

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands, pursuant to FRCP Rule 34, that you produce all policies of insurance, including excess, umbrella and/or catastrophe insurance, applicable to the within occurrence which may be liable to satisfy part or all of a

judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**PLEASE TAKE FURTHER NOTICE** that a copy of the face sheet of the insurance policy and/or a letter on your stationery or on the insurance carrier's stationery setting forth limits of liability will suffice in lieu of production of the insurance agreement above requested. If any of the insurers who issued the above referenced policy have disclaimed coverage, in whole or in part, or are defending under a reservation of rights, please so state and provide a true copy of said disclaimer of coverage or reservation of rights.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to produce the insurance agreement or a statement as to coverage, a motion may be made for discovery and inspection and costs may be requested.

**PLEASE TAKE FURTHER NOTICE** that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

10. **DEMAND FOR EMPLOYMENT AND INCOME VERIFICATION**:

**PLEASE TAKE FURTHER NOTICE** that if a claim for lost earnings or diminution of earning capacity is being made, the undersigned demands pursuant to FRCP Rule 34 that you produce the following:

a)   If the plaintiff(s) was not self-employed, duly executed and acknowledged original, written authorizations directed to the last employer prior to the date of accident/occurrence and the first employer subsequent to the date of accident/occurrence so as to permit the securing of plaintiff's entire personnel/performance record including records regarding wages, attendance, original job application and medical records.

b)   If plaintiff(s) was self-employed, it is demanded that the undersigned be supplied with a properly completed and executed IRS Form 4506 authorizing the IRS to release plaintiff's full income tax returns for a period of five (5) years preceding the accident and/or occurrence in question and to date.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, upon your failure to comply herewith within thirty (30) days hereof, an application shall be made to the Court for an Order of preclusion or any appropriate relief and sanctions now or at the time of trial herein.

Dated: Carle Place, New York
February 28, 2008

Yours, etc.

McCABE, COLLINS, McGEOUGH & FOWLER, LLP

By: ______________________

DORON ROSENHECK (DR7328)
Attorneys for Defendants
346 Westbury Avenue - P.O. Box 9000
Carle Place, New York 11514-9000
(516) 741-6266

To:

SIM & PARK, LLP.
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1805
New York, New York 10123
(212) 239-3680

08-FI-129 MSL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BYONG K. CHO,

Plaintiff,

-against-

JASON ARTHUR BRINKMAN and VALERIO RAQUEL ANTONETTE,

Defendants.

---------------------------------------------------------------X

Index No.

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, Defendants **JASON ARTHUR BRINKMAN and RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE,** will take the depositions of all adverse parties in this action before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at **The Law Offices of McCABE, COLLINS, McGEOUGH & FOWLER, LLP, Attorneys for Defendants, 346 Westbury Avenue, Carle Place, New York, 11514, (516) 741-6266** on the **22nd** day of **May, 2008,** at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action:

All of the relevant facts and circumstances in connection with the accident which occurred on **September 27, 2007**, including negligence, contributory negligence, liability and damages. That the said person to be examined is required to produce at such examination the following: Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated: Carle Place, New York
February 28, 2008

Yours, etc.

McCABE, COLLINS, McGEOUGH & FOWLER, LLP

By: [signature]
DORON ROSENHECK (DR7328)
Attorneys for Defendants

346 Westbury Avenue - P.O. Box 9000
Carle Place, New York 11514-9000
(516) 741-6266

To:

SIM & PARK, LLP.
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1805
New York, New York 10123
(212) 239-3680

08-FI-129 MSL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X Index No.
BYONG K. CHO,

Plaintiff,

-against-

JASON ARTHUR BRINKMAN and VALERIO RAQUEL ANTONETTE,

Defendants.
--------------------------------------------------------------X

**REQUEST FOR PRODUCTION OF AUTHORIZATIONS**

PLEASE TAKE NOTICE, that demand is hereby made upon you to deliver to the undersigned, attorneys for the defendants, **JASON ARTHUR BRINKMAN and RAQUEL ANTONETTE VALERIO i/s/h/a VALERIO RAQUEL ANTONETTE**, within twenty (20) days after service of this demand, original, HIPAA compliant, duly executed and acknowledged written authorizations completed to include the name, address and any other available information identifying the individual, facility or entity to which each of said authorizations is directed, permitting the law firm of McCABE, COLLINS, McGEOUGH & FOWLER, LLP., or their authorized representatives, to inspect and copy the following records:

1. Records of any hospital or healthcare facility concerning treatment rendered to plaintiff for injuries allegedly sustained as a result of the subject accident, including but not limited to duplicate original x-rays or films from any diagnostic tests.

2. Records of any physician, nurse or physical therapist concerning treatment rendered to plaintiff for injuries allegedly sustained as a result of the subject accident, including but not limited to duplicate original x-rays or films from any diagnostic tests.

3. Employment records for the plaintiff for the period of one year prior to the subject accident until the present.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with this demand within the time aforementioned, an application will be made to the Court of the appropriate relief.

Dated: Carle Place, New York
February 28, 2008

Yours, etc.

McCABE, COLLINS, McGEOUGH & FOWLER, LLP

By: ______________________

DORON ROSENHECK (DR7328)
Attorneys for Defendants
346 Westbury Avenue - P.O. Box 9000
Carle Place, New York 11514-9000
(516) 741-6266

To:

SIM & PARK, LLP.
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1805
New York, New York 10123
(212) 239-3680

# AFFIDAVIT OF MAILING

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

CHRISTINE HOPPER, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Franklin Square, New York.

That on the 29th day of February, 2008, deponent served the within **VERIFIED ANSWER, FIRST SET OF INTERROGATORIES TO THE PLAINTIFF, DEMAND FOR PRODUCTION, NOTICE OF DEPOSITION & REQUEST FOR PRODUCTION OF AUTHORIZATIONS** upon:

SIM & PARK, LLP.
450 Seventh Avenue, Suite 1805
New York, New York 10123

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Christine Hopper
CHRISTINE HOPPER

Sworn to before me this
29th day of February, 2008.

NOTARY PUBLIC

Teresa Campano
Notary Public State of New York
No. 02CA6109462
Qualified in Nassau County
Commission Expires 5/16/08